KELLY *v.* STATE.

(Division A.   Dec. 8, 1930.)

[131 So. 272.   No. 29092.]

G. C. Moreland, of Corinth, for appellant.

**Edwin R. Holmes, Jr.**, Assistant Attorney-General, for the state.

**McGowen, J.**, delivered the opinion of the court.

Appellant was convicted in the court below on an indictment charging her with the unlawful possession of intoxicating liquor, and sentenced to pay a fine of two hundred dollars and to confinement in jail for thirty days. From this conviction and sentence, she appeals here.

1. On the contention of appellant that she was entitled to a peremptory instruction on the question of her possession of whisky, found near the house she occupied, we think the evidence was conflicting as to whether she had possession of it, and the whole record makes it peculiarly a question for the jury. Where there is conflict in the evidence, this court will not disturb the jury's finding.

2. The appellant contends that the search warrant offered in evidence in this case, together with the evidence disclosed by the search was unlawful; and, the search being unlawful, the evidence, therefore, obtained was incompetent for the reason that the affidavit and search warrant did not contain the words, "affiant has good reason to believe and does believe," etc. The answer is that the affidavit and search warrant in question charged, as an absolute fact, that, when the search warrant was issued, the affiant knew of his own knowledge that liquor was being kept for sale in the dwelling house and outhouses on the premises of Mrs. Josephine Kelly and sold. The words "believes and does believe" are not necessary where the party making the affidavit charges therein his absolute knowledge of the facts instead of their being based upon belief. The charge that he knew the facts to exist is all-embracing, and necessarily includes the words "has good reason to believe and does believe." We are of the opinion that there is no reversible error in this case.